IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY MCNALLY, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Civil Action No.  15-10925 |
| v. | ) ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) ) | Complaint |
| Defendant. | ) ) | Jury Trial Demanded |
| ———————————————— | ) | |

**Nature of Action**

1.     Mary McNally ("Plaintiff") brings this class action against Midland Credit Management, Inc. ("Defendant") under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**Jurisdiction and Venue**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in substantial part in this district, and Defendant transacts business in this district.

**Parties**

4.     Plaintiff is a natural person who at all relevant times resided in Essexville, Michigan.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant is an entity who was at all relevant times engaged in the business of attempting to collect from Plaintiff a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

8.      Plaintiff is obligated, or allegedly obligated, to pay a debt (the "Debt")—in default—now owed or due, or asserted to be owed or due MCM.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due MCM, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—Plaintiff's use of a Household Finance Corporation ("HFC") personal line of credit with an account number ending in 51000 (the "Account").

10.     Upon information and good faith belief, HFC charged off the Account.

11.     Upon information and good faith belief, HFC voluntarily stopped adding interest to the Account as of the date that it charged off the Account.

12.     Upon information and good faith belief, HFC's standard policy and procedure is to voluntarily stop adding interest to accounts as of the date that it charges them off.

13.     Upon information and good faith belief, HFC intentionally acted in a manner inconsistent with any right it may have had to add interest to the Account.

14.     Upon information and good faith belief, HFC voluntarily stopped sending periodic statements in connection with the Account as of the date that it charged off the Account.

15.     Upon information and good faith belief, HFC waived its right to add interest—whether contractual or statutory—to the Account as of the date that it charged off the Account.

16.     On November 5, 2010, Commercial Recovery Systems, Inc. mailed a letter to Plaintiff that reads, in part:

        ACCOUNT IDENTIFICATION
        RE:                     Household Finance

Account #:            ████████████
Deficiency Balance:   $14624.10

*     *     *

Your outstanding balance, owed to the above mentioned company, has been assigned to Commercial Recovery Systems for collection.

CRS offers you the ability to redeem your credit standing by making it possible for you to settle this obligation for a fraction of what is owed. You must not hesitate and lose this opportunity to save money and effect a reporting change to your credit file.

Exhibit A.

17.    On January 1, 2012, Asset Acceptance, LLC mailed a letter to Plaintiff that reads,

in part:

RE: HOUSEHOLD FINANCE

Original Creditor Acct #:           XXXXXXXXXX1547
Asset Acceptance, LLC Acct #:       █████████████
Current Balance:                    $14906.56
DISCOUNTED Settlement Balance:      $3726.64
Expiration Date:                    01/31/2012

*     *     *

We would like to help you eliminate this debt with us. Your current balance is $15460.08, but if you pay us $6957.04 by 10/ 31/2012, we will close your account and consider it paid. That's a 55% discount or a savings of $8503.04.Why wait? Act now!

Exhibit B.

18.    On October 1, 2012, Asset Acceptance, LLC mailed a letter to Plaintiff that reads,

in part:

RE: HOUSEHOLD FINANCE

Asset Acceptance, LLC Acct #:       █████████████
Current Balance:                    $15460.08
DISCOUNTED Settlement Balance:      $6957.04
Expiration Date:                    10/31/2012

3

\*     \*     \*

We would like to help you eliminate this debt with us. Your current balance is $14906.56, but if you pay us $3726.64 by 01131/2012, we will close your account and consider it paid. That's a 75% discount or a savings of $11179.92! Why wait? Act now!

Exhibit C.

19.     On May 16, 2014, Midland Credit Management, Inc. mailed a letter to Plaintiff that reads, in part:

| | |
|---|---|
| MCM Account Number | ■■■■■■ |
| Original Creditor | HSBC BANK NEVADA, N.A. |
| Original Account Number | 53810213171547 |
| Current Balance | $16,197.51 |

Exhibit D.

20.     On August 29, 2014, Midland Credit Management, Inc. mailed a letter to Plaintiff that reads, in part:

| | |
|---|---|
| MCM Account Number | 8561292665 |
| Current Owner | MIDLAND FUNDING LLC |
| Original Creditor | HSBC Bank Nevada, N.A. |
| Current Balance | $16,197.51 |

\*     \*     \*

| | |
|---|---|
| Due Date: | 09-28-2014 |
| Date Received: | 08-29-2014 |
| Previous Balance: | $14,624.10 |
| Interest Rate: | 5.00% |

Exhibit E.

21.     On November 4, 2014, Weltman, Weinberg & Reis Co., L.P.A., mailed a letter to Plaintiff that reads, in part:

| | |
|---|---|
| Current Creditor: | MIDLAND FUNDING LLC |
| Original Creditor: | HSBC BANK NEVADA N.A. |
| Original Creditor Account No. | XXXXXXXXXX1547 |

      WWR No.:                    20744639
      Balance Due as of November 4, 2014:  $14,624.10

      *    *    *

      Please be advised that the above referenced account has been placed with
      us to collect the outstanding balance due and owing on this account to the
      current creditor referenced above. As of the date of this letter you owe the
      amount listed above

Exhibit F.

      22.     On January 6, 2015, Weltman, Weinberg & Reis Co., L.P.A., mailed a letter to

Plaintiff that reads, in part:

      Creditor:                   MIDLAND FUNDING LLC
      Internal No:               8561292665
      Account No:             XXXXXXXXXX1547
      Balance: as of January 06, 2015    $14624.10
      Our file No:               20744639 C A Det JOL

      *    *    *

      A lawsuit is being filed against you in the above-captioned matter. As of
      the date of this letter you owe the amount listed above. If you wish to
      resolve this matter without the necessity of a contested lawsuit and
      possible post- judgment legal proceedings, you may make arrangements
      for liquidation of the balance due and owing by contacting this office to
      make amicable arrangements for payment of this account.

Exhibit G.

### Class Allegations

      23.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of himself and

others similarly situated.

      24.     Plaintiff seeks to represent two classes of individuals defined as:

      All persons (1) located in Michigan, (2) from whom MCM attempted to
      collect interest, or collected interest, that it added to a debt, for a period of
      time during which a preceding creditor or debt collector did not add the
      interest to the subject debt, (3) within the year preceding this complaint,
      (4) and in connection with the collection of a consumer debt.

All persons (1) located in Michigan, (2) to whom MCM sent an initial debt collection communication, (3) within the year preceding this complaint, (4) and in connection with the collection of a consumer debt, (6) that failed to state (a) whether interest was in fact accruing on the subject debt, and, if interest was accruing, the amount of interest due as of the date of the initial communication, or (b) the effective date as of which an amount would suffice to pay off the subject debt in full, or (c) the date as of which any unpaid accrued interest was calculated, or (d) the applicable interest rate.

25.     The proposed classes specifically exclude the United States of America, the State of Michigan, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Sixth Circuit, and the Justices of The United States Supreme Court, all officers and agents MCM, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

26.     Upon information and good faith belief, the proposed classes are so numerous that joinder of members is impracticable.

27.     The exact number of the members of the proposed classes are unknown at this time, but can be ascertained through appropriate discovery.

28.     Upon information and good faith belief, the classes are ascertainable in that the names and addresses of all members of the proposed classes can be identified by MCM's business records.

29.     There exists a well-defined community of interest in questions of law and fact that affect all members of the proposed classes.

30.     These common questions of law and fact predominate over questions that may affect individual members of the proposed classes.

31.     These common questions of law and fact include, but are not limited to:

6

- MCM's identical conduct with regard to all members of the proposed classes;

- MCM's identical conduct with regard to all members of the proposed classes;

- The availability of statutory penalties under the FDCPA;

- The availability of attorneys' fees under the FDCPA;

- The availability of costs under the FDCPA.

32.     Plaintiff's claims are typical of those of the members of the proposed classes.

33.     Plaintiff's claims, and the claims of the members of the proposed classes, originate from the same conduct, practice, and procedure, on the part of MCM.

34.     If brought and prosecuted individually, the claims of each member of the proposed classes would require proof of the same material and substantive facts.

35.     Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed classes.

36.     Plaintiff asserts identical claims, and seeks the same relief, for both herself and the members of the proposed classes.

37.     Plaintiff will fairly and adequately protect the interests of the members of the proposed classes.

38.     Plaintiff has no interest that directly and irrevocably conflicts with the interests of other members of the proposed classes.

39.     Plaintiff is willing and prepared to serve this Court and the member of the proposed classes.

40.     Plaintiff's interests are co-extensive with, and not directly antagonistic to, those of the absent members of the proposed classes.

41.     Plaintiff has retained the services of counsel who are experienced in both consumer protection claims and complex class action litigation.

42.     Plaintiff's counsel will vigorously prosecute this action, and will assert, protect, and otherwise represent both Plaintiff and all absent members of the proposed classes

43.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B) as the prosecution of separate actions by individual members of the proposed class would—as a practical matter—be dispositive of the interests of other members of the proposed classes who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

44.     The prosecution of separate actions by individual members of the proposed classes may create a risk of inconsistent or varying adjudications with respect to individual members of the proposed class, which could establish incompatible standards of conduct for MCM.

45.     These incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the proposed classes.

46.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that MCM has acted or refused to act on grounds generally applicable to the members of the proposed classes, making final declaratory or injunctive relief appropriate.

47.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the proposed classes predominate over any questions affecting only individual members of the proposed classes.

48.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this complaint in that:

- Individual claims by the members of the proposed classes may be impracticable as the costs of pursuit could far exceed what any one member of the proposed classes has at stake;

- Very little litigation has been commenced over the controversies alleged in this complaint and individual members of the proposed classes are unlikely to have an interest in prosecuting and controlling separate individual actions; and

- The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**Count I**
**Violation of 15 U.S.C. § 1692e(2)(A)**

49.     Plaintiff repeats and re-alleges the factual allegations set forth in paragraphs 1-48.

50.     The FDCPA at Section 1692e(2)(A) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*     *     *

(2) The false representation of—

(A) the character, amount, or legal status of any debt.

15  U.S.C. § 1692e(2)(A).

51.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt, as the Debt did not include, nor could it have included, post

charge off interest that HFC did not add to the Debt when it owned the Debt, and as no entity could have added post charge off interest to the Debt after HFC waived the right to do so.

52.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt, as MCM waived the right to collect interest on the Debt, or in the alternative, as MCM was estopped from collecting interest on the Debt.

**Count II**
**Violation of 15 U.S.C. § 1692e(5)**

53.     Plaintiff repeats and re-alleges the factual allegations set forth in paragraphs 1-48.

54.     The FDCPA at Section 1692e(5) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *     *     *
>
> (5) The threat to take any action that cannot be legally taken or that is not intended to be taken.

15 U.S.C. § 1692e(5).

55.     Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not be legally taken as the Debt did not include, nor could it have included, post charge off interest that HFC did not add to the Debt when it owned the Debt, and as no entity could have added post charge off interest to the Debt after HFC waived the right to do so.

56.     Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not be legally taken as MCM waived the right to collect interest on the Debt, or in the alternative, as MCM was estopped from collecting interest on the Debt.

**Count III**
**Violation of 15 U.S.C. § 1692e(10)**

57.     Plaintiff repeats and re-alleges the factual allegations set forth in paragraphs 1-48.

58.     The FDCPA at Section 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *     *     *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

59.     Defendant violated Section 1692e(10) by using a false, deceptive, or misleading representation as the Debt did not include, nor could it have included, post charge off interest that HFC did not add to the Debt when it owned the Debt, and as no entity could have added post charge off interest to the Debt after HFC waived the right to do so.

60.     Defendant violated Section 1692e(10) by using a false, deceptive, or misleading representation as MCM waived the right to collect interest on the Debt, or in the alternative, as MCM was estopped from collecting interest on the Debt.

61.     Defendant also violated Section 1692e(10) as its May 16, 2014 and August 29, 2014 letters to Plaintiff can be reasonably read to have two or more different meanings, one of which is inaccurate. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011); *see also Dupuy v. Weltman, Wienberg & Reis Co.*, 442 F. Supp. 2d 822, 827 (N.D. Cal. 2006).

**Count IV**
**Violation of 15 U.S.C. § 1692f(1)**

62.     Plaintiff repeats and re-alleges the factual allegations set forth in paragraphs 1-48.

11

63.    The FDCPA at Section 1692f(1) provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

\*     \*     \*

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

64.    Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from Plaintiff not expressly authorized by the agreement creating the Debt, or permitted by law, as the Debt did not include, nor could it have included, post charge off interest that HFC did not add to the Debt when it owned the Debt, and as no entity could have added post charge off interest to the Debt after HFC waived the right to do so.

65.    Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from Plaintiff not expressly authorized by the agreement creating the Debt, or permitted by law, as MCM waived the right to collect interest on the Debt, or in the alternative, as MCM was estopped from collecting interest on the Debt.

**Count V**
**Violation of 15 U.S.C. § 1692g(a)(1)**

66.    Plaintiff repeats and re-alleges the factual allegations set forth in paragraphs 1-48.

67.    The FDCPA at section 1692g(a)(1) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1)  the amount of the debt;

    (2)  the name of the creditor to whom the debt is owed;

    (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1).

68.    Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully disclose the amount of the Debt through its initial communication with Plaintiff, or within five days thereof.

69.    In particular, Defendant did not disclose, through its initial communication with Plaintiff, or within five days thereof, (i) whether interest was in fact accruing, and, if interest was accruing, the amount of interest due as of the date of its initial communication, (ii) the effective date as of which an amount would suffice to pay off the Debt in full, (iii) the date as of which any unpaid accrued interest was calculated, or (iv) the applicable interest rate, if any.

**Trial by Jury**

70.    Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a)  Determining that this action is a proper class action under Fed. R. Civ. P. 23;

    b)  Certifying Plaintiff as class a representative;

c)  Appointing Plaintiff's counsel as class counsel;

d)  Adjudging that violated the FDCPA;

e)  Awarding Plaintiff, and members of the proposed class, statutory damages;

f)  Awarding Plaintiff, and members of the proposed class, actual damages;

g)  Adjudging and declaring that Defendant violated the FDCPA and enjoining Defendant from committing further violations.

h)  Awarding Plaintiff, and members of the proposed class, reasonable attorneys' fees and costs incurred in this action;

i)  Awarding Plaintiff, and members of the proposed class, any pre-judgment and post-judgment interest as may be allowed under the law;

j)  Awarding other and further relief as this Court may deem just and proper.


                                        Respectfully submitted,

Dated:  March 12, 2015                  Law Offices of Ronald S. Weiss

                                        /s/ Ronald S. Weiss
                                        Ronald S. Weiss (P48762)
                                        7035 Orchard Lake Road, Suite 600
                                        West Bloomfield, MI 48322
                                        RWeiss@YourFairDebtCollectionRights.com
                                        248-737-8000
                                        248-737-8003 (Fax)

                                        Michael Greenwald
                                        Greenwald Davidson Radbil PLLC
                                        5550 Glades Rd, Ste. 500
                                        Boca Raton, FL 33431
                                        Tel: (561) 826-5477
                                        Fax: (561) 961-5684
                                        aradbil@gdrlawfirm.com